FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUL -1 P 1:
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LOURENCO M. REED, JR.,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV513-043

Warden PERRY; FNU HALL; and
MICHAEL SEXTON, Investigator,

    Defendants.

## ORDER

Plaintiff, an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff states that on April 3, 2013, he was informed by Defendant Perry that he would be placed in a "SHU program"; Plaintiff claims this designation was based on information reported to Perry by Defendant Hall. (Doc. No. 1, p.5). Plaintiff contends he was wrongly implicated in an "inmate disturbance" occurring around March 15, 2013. (Id.). Plaintiff alleges that as a result, he has been kept in isolation and has been subjected to cruel and unusual punishment. Plaintiff claims that on February 11, 2013, he was wrongly placed in general population as a segregated inmate. Plaintiff states that on February 13, 2013, plastic restraints were improperly used to restrain him. Plaintiff contends that during these transfers some of his laundry and personal property was lost. Plaintiff also alleges that he was wrongly housed in a shower while awaiting booking at the isolation unit. Plaintiff outlines a number of complaints regarding the facilities and maintenance of isolation unit 1B of Coffee Correctional Facility. Plaintiff also avers mail access is restricted in unit 1B in violation of his right to free speech and association by mail. Plaintiff avers that Defendant Perry was made

AO 72A
(Rev. 8/82)

aware of the "inhumane conditions" but conditions have remained unchanged. (Id. at p. 7). Plaintiff states he has not submitted an administrative grievance regarding the allegations contained in his Complaint. Plaintiff alleges that he has been denied the proper grievance forms and is not given time with a counselor.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. See Jones v. Bock, 549 U.S. 199, 218 (2007).

It is apparent from the face of his Complaint that Plaintiff did not exhaust his available administrative remedies prior to the filing of his Complaint. As a result, Plaintiff's Complaint should be dismissed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (noting that, although exhaustion need not be specially pled or demonstrated, a complaint may be dismissed if such failure "appears on the face of the complaint").

AO 72A
(Rev. 8/82)

However, to the extent that Plaintiff may have claims as to which he has exhausted his administrative remedies, it appears they are unrelated. A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between his separate allegations against these Defendants. The Court will not allow the joinder of these unrelated claims. Plaintiff is directed to advise the Court whether or not he has exhausted his administrative remedies and which claim or related claim(s) against which Defendant(s) he wishes to pursue in this action. Plaintiff may submit separate complaints for his other claims. If Plaintiff does not respond properly to this Order within thirty (30) days, this Complaint will be dismissed, without prejudice.

**SO ORDERED**, this 1st day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE